UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
WIRELESS ENVIRONMENT, LLC, :
: CASE NO. 16-CV-517
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 10]
MIKAFENTECH, INC., :
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Wireless Environment, LLC ("Wireless") brings intellectual property and Ohio unfair competition claims against Mikafentech, Inc. ("Mikafentech").[1]

Plaintiff served its complaint and summons on Defendant Mikafentech. Mikafentech has not filed an answer. Plaintiff moves for default judgment against Mikafentech.[2] For the following reasons, this Court DENIES Plaintiff's application for default judgment.

**I. Background**

Plaintiff Wireless is an Ohio corporation that sells LED spotlights. Plaintiff owns several spotlight patents and holds copyrights for advertising spotlight photos.

Defendant Mikafentech is a Colorado incorporated business. It also sells LED spotlights, including through amazon.com.

On March 3, 2016, Plaintiff filed its complaint. Plaintiff alleges that Defendant 1) infringed on U.S. Patent No. D729,965S; 2) infringed on U.S. Patent No. D733,345S; 3) infringed on Plaintiff's trademark rights; 4) violated Plaintiff's copyright rights; 5) engaged in

---

[1] Doc. 1.
[2] Doc. 10.

Case No. 16-cv-517
Gwin, J.

unfair competition; and 6) violated the Ohio Deceptive Trade Practices Act.[3] Plaintiff demands damages, fees, and injunctive relief.[4]

Plaintiff attempted service by mail. On March 4, 2016, the clerk of court issued a summons to Defendant Mikafentech's Colorado address by certified mail. Defendant lists its Colorado address on its articles of incorporation.[5] The summons included Defendant's statutory agent.[6]

On April 8, 2016, the summons was returned to the clerk unexecuted.[7]

On April 11, 2016, the clerk of court issued another summons to the same Colorado address by regular mail.[8] On April 21, 2016, the regular mail summons was also returned unexecuted.[9]

Plaintiff Wireless also attempted personal service on Defendant Mikafentech using a process server. On March 7, 2016, the process server went to Defendant's registered Colorado address but found the property vacant.[10]

Finally, on April 18, 2016, the process server returned to the Colorado address and slipped a copy of the summons under the office door of the property.[11] The process server left the summons at the same location the process server had earlier found to be vacant.

On May 12, 2016, Plaintiff moved for default judgment against Defendant Mikafentech. With its motion, Plaintiff says that it perfected service on Defendant and that Defendant failed to file a timely answer.

---

[3] Doc. 1 at 12–18.
[4] *Id.* at 18–20.
[5] Doc. 10-3 at 11–13.
[6] Doc. 5.
[7] Doc. 6.
[8] Doc. 8.
[9] Doc. 9.
[10] Doc. 10-4.
[11] Doc. 10-5.

Case No. 16-cv-517
Gwin, J.

## II. Legal Standard

Under Federal Rule of Civil Procedure 55, the clerk of court must enter a default when a party fails to answer a complaint. District courts take as true all of the movant's well-pleaded facts when deciding a motion for default judgment.[12] The pleadings must establish a plausible claim for relief and must specify the relief the movant seeks.[13]

## III. Discussion

A court may not enter judgment against a party unless it has personal jurisdiction over the defaulted party.[14] Personal jurisdiction requires the moving party to perfect service on the defaulted party.[15] In addition to complying with applicable service rules, "[d]ue process requires that the defendant be given adequate notice of the suit."[16] Adequate notice "is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[17]

Plaintiff has not perfected service against defendant under *Mullane*. Plaintiff's attempts at service did not provide adequate notice to Defendant. All of Plaintiff's attempts to serve Defendant by mail came back undelivered. Plaintiff's attempt at personal service—at a vacant lot in Colorado—was unsuccessful and made Plaintiff aware that Defendant was not at its registered address. There is no indication that Defendant or its agent are on notice of the claims in this case. These efforts are insufficient to put Defendant on notice as required by due process.

---

[12] *J & J Sports Prods., Inc. v. Rodriguez*, No. 1:08-CV-1350, 2008 WL 5083149, at *1 (N.D. Ohio Nov. 25, 2008) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)).
[13] *Id.*
[14] *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 845 (E.D. Mich. 2006) (citing *Antoine*, 66 F.3d 105).
[15] *Id.*
[16] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (citing *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 313–314 (1950)).
[17] *Mullane*, 339 U.S. at 314.

Case No. 16-cv-517
Gwin, J.

Because this Court finds that service was inadequate, this Court does not have jurisdiction to enter a judgment against Defendant Mikafentech. This Court does not address whether Plaintiff complied with Colorado's or Ohio's service of process statutes. This Court **DENIES** Plaintiff's application for default judgment against Defendant.

### IV. Conclusion

For the above reasons, this Court **DENIES** Plaintiff's application for default judgment against Defendant.

The Court orders that Plaintiff make service upon Defendant Mikafentech within 45 days from the filing of this opinion or show cause why Defendant should not be dismissed.

IT IS SO ORDERED.

Dated: May 25, 2016                              *s/         James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE