UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | : | |
|---|---|---|
| WIRELESS ENVIRONMENT, LLC, | : | CASE NO. 16-CV-517 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 12, 13, 14] |
| MIKAFENTECH, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Wireless Environment reapplies for default judgment against Defendant Mikafentech.[1] Plaintiff also moves for a time extension and for email service of process under Federal Rule of Civil Procedure 4(f)(3).[2] For the following reasons, this Court **DENIES** Plaintiff's reapplication for default judgment and **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for service under Rule 4(f)(3). This Court also **DENIES** as moot Plaintiff's motion for leave to file additional evidence.[3]

### I. Discussion

On May 25, 2016, this Court denied Plaintiff's first application for default judgment against Defendant Mikafentech.[4] This Court held that Plaintiff's service attempts were not reasonably calculated to give notice to Mikafentech and therefore did not comply with due process requirements.

On May 31, 2016, Plaintiff emailed a copy of the summons and complaint to two email addresses belonging to Mikafentech owner Cunyu Chen.[5] On June 20, 2016, Plaintiff apparently

---

[1] Doc. 12.
[2] Doc. 13.
[3] Doc. 14.
[4] Doc. 11.
[5] Doc. 12-7 at 2.

Case No. 16-cv-517
Gwin, J.

received a response from one of the email addresses stating that Defendant read Plaintiff's email.[6] Plaintiff did not re-attempt service by mail or any other means after June 20, 2016.

Plaintiff argues that Defendant Mikafentech has actual knowledge of the lawsuit and that their previous attempts at service are therefore now valid. This argument loses.

Even if Plaintiff's May 31, 2016 email put Defendant on notice of the lawsuit, it does not retroactively fix the March 2016 service attempts' due process flaws.

Other than the May 31, 2016 email, Plaintiff has not re-attempted service since this Court denied its previous default judgment application. Plaintiff has not perfected service on Defendant. This Court **DENIES** Plaintiff's reapplication for default judgment.

Plaintiff alternatively asks for an extension of time and for this Court to authorize service of process by email under Rule 4(f)(3).[7] This Court has discretion to allow service of process by email when warranted.[8] This Court **DENIES** without prejudice Plaintiff's request for email service.[9] Because this Court will not permit email service at this point, this Court **DENIES** as moot Plaintiff's motion for leave to file additional email evidence.

However, this Court **GRANTS** Plaintiff's request for an extension of time to perfect service on Defendant Mikafentech. Plaintiff has until August 26, 2016 to perfect service on Defendant.

---

[6] Doc. 12-8 at 3.
[7] Doc. 13.
[8] *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013) ("The Court [] must determine whether the facts and circumstances of the case warrant the exercise of its discretion to order alternative service.").
[9] Plaintiff's filings belie the need for email service. Plaintiff attaches a U.S. Patent and Trademark Office correspondence that lists Chen's mailing address in Shenzhen, Guangdong Province, China. Doc. 12-9 at 5.

Case No. 16-cv-517
Gwin, J.

## II. Conclusion

For the above reasons, this Court **DENIES** plaintiff's reapplication for default judgment **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for an extension and for service under Rule 4(f)(3), and **DENIES** as moot Plaintiff's motion for leave to file additional evidence.

IT IS SO ORDERED.


Dated: July 18, 2016                               *s/        James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE