UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                    :
WIRELESS ENVIRONMENT, LLC,          :          CASE NO. 16-CV-517
                                                    :
       Plaintiff,                             :
                                                    :
vs.                                                 :          OPINION & ORDER
                                                    :          [Resolving Doc. 19]
MIKAFENTECH, INC.,                        :
                                                    :
       Defendant.                          :
                                                    :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       Plaintiff Wireless Environment, LLC ("Wireless") moves for an order authorizing

alternative service of process upon Defendant Mikafentech, Inc. ("Mikafentech") by email

pursuant to Federal Rules of Civil Procedure Rule 4(f)(3).[1] For the following reasons, this Court

**GRANTS** Plaintiff's motion for service of process by email.

## I. Discussion

       On March 3, 2016, Plaintiff Wireless filed its complaint, alleging intellectual property

and Ohio unfair competition claims against Defendant Mikafentech.[2] In March and April 2016,

Wireless twice attempted service by mail at Mikafentech's registered Colorado address, but both

mail summons were returned unexecuted.[3] During that time, Wireless's process server also

attempted personal service in Colorado, but the process server found Mikafentech's registered

address was vacant.[4]

---

[1] Doc. 19.
[2] Doc. 1.
[3] Docs. 5, 6, 8, 9, 10-3.
[4] Docs. 10-4, 10-5.

Case No. 16-cv-517
Gwin, J.

On May 31, 2016, Wireless emailed a copy of the summons and complaint to two email addresses belonging to Mikafentech owner Cun Yu Chen.[5] On June 20, 2016, Wireless received a response from one of the email addresses stating that Defendant had read Plaintiff's email.[6] On July 1, 2016, Wireless moved the Court to authorize service of process by email under Rule 4(f)(3), but the Court denied Wireless's request without prejudice.[7]

Wireless next attempted service by mail to the two Chinese addresses that Mikafentech registered with the United States Patent and Trademark Office (USPTO). On July 26, 2016, the clerk of court issued a summons to the Chinese addresses by certified mail.[8] Although the Chinese postal agent in Beijing received both packages, the Court has not received any status updates on either mailing.[9] A process server investigating the Chinese addresses on behalf of Wireless determined that no one named Cun Yu Chen could be found at either address.[10]

Plaintiff Wireless argues that any form of service—personal, by mail, or otherwise—targeted at the Colorado or Chinese addresses is futile, and moves for an order authorizing alternative service of process upon Defendant Mikafentech by email under Rule 4(f)(3).[11]

This Court has discretion to allow service of process by email when warranted by the case's facts and circumstances.[12] When an "'international e-business scofflaw . . . play[s] hide-and-seek with the federal court, e-mail may be the only means of effecting service of process.'"[13] Such is the case here. Service via email provides Mikafentech reasonable notice of this action.[14]

---

[5] Doc. 12-7 at 2.
[6] Doc. 12-8 at 3.
[7] Doc. 15.
[8] Doc. 19-3.
[9] Doc. 19 at 7.
[10] Docs. 19-2, 19-3.
[11] Doc. 19 at 1, 5.
[12] *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013).
[13] *Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 563 (E.D. Tenn. 2004) (quoting *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002)).
[14] *See Elcometer, Inc. v. TQC-USA, Inc.*, No. 12-cv-14628, 2013 WL 592660, at * 3 (E.D. Mich. Feb. 14, 2013).

Case No. 16-cv-517
Gwin, J.

This Court **GRANTS** Plaintiff's request for email service. The Court instructs Plaintiff to contact Mikafentech again to advise it of an answer deadline thirty days from the date of contact.

## II. Conclusion

For the above reasons, this Court **GRANTS** Plaintiff's motion for email service under Rule 4(f)(3).

IT IS SO ORDERED.


Dated:  October 11, 2016                    *s/          James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE